# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Lisa Washington<br>11363 S. Edbrooke<br>Chicago, IL  60628<br><br>　　　　Plaintiff,<br><br>v.<br><br>GC Services, LP<br>6330 Gulfton<br>Houston, TX  77081<br><br>　　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Lisa Washington, ("Lisa"), is a natural person who resided in Chicago, Illinois, at all times relevant to this action.

2. Defendant, GC Services, LP, ("GCS"), is a Delaware Limited Partnership that maintained its principal place of business in Houston, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, GCS collected consumer debts.

6. GCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of GCS's revenue is debt collection.

8. GCS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, GCS contacted Lisa to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Lisa is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around February 2012, Lisa entreated into a payment arrangement with GC Services and made payments when she was able.

13. In July or August 2012, GCS contacted Lisa to arrange an updated payment arrangement.

14. During this communication, GCS was extremely aggressive and threatening.

15. During this communication, as a result of duress, Lisa agreed to pay $50 per month.

16. During this communication, GCS demanded Lisa provide her banking information in order for GCS to withdraw the funds every month.

17. During this communication, Lisa informed GCS she didn't have a bank account.

18. During this communication, Lisa asked why she couldn't make payments via sending in a check monthly.

19. In response to Lisa's question, GCS said something substantially similar to, "because this has been going on far, far too long; we need to get your account to make sure you are going to follow through as promised."

20. During this communication, GCS stated something substantially similar to, "it's people like you that need to get a certain type of account because you can't pay your bills on time. You're never going to send us anything."

21. During this communication, Lisa demanded to know what the GCS representative meant by the "people like you" comment.

22. During this communication, the GCS representative replied that he meant people who didn't pay their bills.

23. Lisa took the comment to mean something much more reprehensible.

24. Despite the harassment, Lisa, began making monthly payments, however, the March 2013 payment didn't clear.

25. In April 2013, Lisa was evicted from her apartment and became temporarily homeless.

26. In late April 2013, a GCS representative, Margaret, contacted Lisa and demanded payment.

27. During this communication, Lisa explained she had been evicted from her apartment, was basically homeless, and didn't know when she could make a payment.

28. In early May 2013, Margaret called Lisa again demanding payment.

29. During this communication, Lisa agreed to send a payment on May 26, 2013.

30. Despite Lisa agreeing to send a payment on May 26, 2013, GCS continued to harass Lisa by calling her every day to see if she had the money.

31. GCS caused Lisa severe emotional distress.

32. GCS violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Lifetime Debt Solutions, LLC


        By: /s/ Jeffrey S. Hyslip
        One of Plaintiff's Attorneys

Date: June 28, 2013

Jeffrey S. Hyslip, Esq.
Lifetime Debt Solutions, LLC
917 W. 18th St., Suite 200
Chicago, IL  60608